[Civ. No. 13541. First Dist., Div. Two. Apr. 27, 1948.]

Y. OUCHIDA (a Minor) et al., Respondents, v. EARL POTTER, Appellant; J. A. FOLGER & COMPANY, Intervener.

Garth V. Lacey for Appellant.

No appearance for Respondents.

No appearance for Intervener.

OGDEN, J. pro tem.—This appeal is based solely upon asserted prejudicial error in the giving of two instructions to the jury at the request of appellant's codefendants. The record on appeal, having been prepared pursuant to the provisions of rule 4b of the Rules on Appeal, consists of the clerk's transcript, the reporter's transcript of the testimony of one witness, two photographs of the scene of the accident and the two instructions complained of. We have not been favored with any briefs except the opening brief of appellant.

The action was brought to recover damages for the death of one and personal injuries to another of the occupants of an automobile involved in a collision with a large tractor and semitrailer operated by the appellant. The accident occurred in the evening "as it was getting to be dusk" on State Highway 101, approximately 8 miles north of the city of Salinas. Plaintiffs' automobile was traveling in a northerly and appellant's tractor and semitrailer in a southerly direction. The two vehicles came into collision at a point close to where a "pick-up" truck was parked, facing south and partially on the paved portion of the westerly side of the highway. Both the appellant and the operator of the parked truck and his employer were joined as defendants, the complaint alleging that the accident was caused by the joint and concurrent negligence of the operators of both vehicles. A complaint in intervention was filed against all the parties to the original action to recover the property damage to the freight contents of the semitrailer. The verdict of the jury was against appellant and in favor of his codefendants, the operator of the parked truck and his employer.

The testimony of the operator of the parked truck, one Seaton, which is the only testimony before us, shows the following. In the course of his duties as foreman and safety man employed by the construction firm engaged in doing highway construction work he was placing lighted flares at points along the highway made dangerous to traffic by reason of the new construction. At the point where the accident occurred, there extended alongside and parallel to the westerly portion of the highway for approximately 225 feet, a mound of earth, or berm, varying in height from 1 to 2 feet. On the far side of this berm was the excavation for a new roadbed, 5 feet deep and 30 feet wide. For the purpose of placing flares to warn traffic of this hazard, Seaton, who was proceeding in a southerly direction, parked his truck as close as possible to the berm. The proximity of the berm to the highway did not permit his truck to clear the paved portion and the left side of his truck extended 2 feet inside the edge of the pavement. The highway, at this point, consisted of two paved lanes of 10 feet each in width and 6 feet of asphalt shoulder on each side. His truck was painted yellow and the headlights and taillight were lighted. He placed two lighted flares, one about 30 feet and the other between 10 and 12 feet to the north and rear of his truck. After returning

to his truck he observed, through the rear-view mirror, the tractor and semitrailer approaching and waited for it to pass. The collision of the latter with plaintiffs' automobile occurred after the tractor and semitrailer had passed the parked truck and at a point 65 to 75 feet to the south of it.

The first instruction to the jury which appellant calls to our attention is one to the effect that if the truck operated by Seaton was a vehicle used in the service of his employer in connection with and pursuant to the construction, or repair, or alteration, or improvement, or maintenance of a state highway, or any portion thereof, then said vehicle is what is known as a service vehicle owned and operated by a utility. We note that this instruction is endorsed by the trial judge as "Refused—Given in Substance Elsewhere." However, since it is not vital to this appeal, we may assume that an instruction similar to the one before us was actually given. Although appellant, in a caption of his brief, cites this instruction as error, he offers no criticism of it in his argument and his contention of error is in no way pointed to it. We assume that it is made a part of his record on appeal solely because it is preliminary to the instruction which he does criticize.

The latter instruction reads as follows: "I have heretofore or will hereinafter instruct you as to the provisions of the motor vehicle act as contained in chapter 13 of the said California Vehicle Code regulating the conduct of motorists in stopping, standing or parking their vehicles on the highways outside of a business or residence district. In this connection, you are hereby instructed that the restrictions as to parking contained in said chapter 13 shall not apply to the driver or owner of any service vehicle owned or operated by a utility or public utility, whether privately, municipally, or publicly owned, used in the construction, removal or repair of utility or public utility property or facilities, when such vehicle is stopped, standing, or parked at the site of work involving the construction, removal or repair of such utility or public utility property or facilities upon, in, or under a street or highway, provided that when such service vehicle is so stopped, standing or parked, there shall be placed not less than two warning flags or barriers during daylight and not less than two warning lights or flares during the time from a half hour after sunset to a half hour before sunrise and at any time when there is not sufficient light to

render clearly discernible any person or vehicle on the highway at a distance of 200 feet, said flares or warning lights to be not less than 10 feet and more than 50 feet in advance of and to the rear of such public or private utility vehicle.''

█ The foregoing instruction is criticised, not as an incorrect statement of the law, but solely as being inapplicable. Appellant's contention is stated in his brief as follows: ''Appellant contends that the jury was misled and confused and as such rendered a verdict not sustained by the facts. The confusion was caused by the Court in giving Section 592.1 Motor Vehicle Code as being applicable to the facts. Notwithstanding the fact that two flares were set out within the required distances of the truck pursuant to said section, it is apparent that the flares (1) were set out to show a berm or mound of dirt along the west side of the highway, as over 20 flares had been set out over 2 miles north of the scene in the same manner; (2) the flares were not on the highway indicating a public utility truck was illegally parked on the highway. It is contended that the jury reached its verdict of finding the appellant negligent, because of the erroneous instruction of said section of the Motor Vehicle Code, for by the position of the flares, the jury believed the pickup truck of the defendant, A. Teichert & Son was legally parked on the highway.''

The principal fallacy of appellant's contention, as we interpret it, is in the importance he attaches to the purpose or motive in placing the warning lights or flares. If the flares were placed so that, in fact, they gave warning of the presence of the parked service vehicle, the requirement of the Vehicle Code was met, even though the primary purpose of so placing them was to give warning of another and different hazard to traffic. Except as to the distance from the parked vehicle, section 592.1 of the Vehicle Code prescribes no position on the highway for the flares to be placed. The obvious intendment is that they be placed in such a position as will give warning of the parked vehicle to oncoming traffic.

It does not appear from the record before us that the flares placed by the defendant Seaton did not give the required warning. His testimony is silent as to where with reference to the highway they were placed, whether on top of the adjacent berm or on the shoulder of the highway and directly behind his vehicle. It was for the jury to determine whether the flares were so placed as to give warning of the presence

of the parked service vehicle. From a consideration of his entire testimony and from the description of the scene of the accident as furnished by the photographs, the jury was entitled to believe that the flares did in fact give the required warning. The instruction given was therefore applicable.

Since we find no error in the giving of the instruction complained of, it is not necessary to here consider whether it could have prejudiced the appellant, even though it had been erroneous.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.